UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ASHKAN MIRFAKHR RAJAEE and NASSIM RAJAEE,<br>Debtors. | Case No.: 26-cv-3060-RSH-GC<br>Bankruptcy No.: 24-00617-CL7 |
| NASSIM RAJAEE,<br>Appellant,<br>v.<br>CHRISTOPHER R. BARCLAY, Chapter 7 Trustee, et al.,<br>Appellees. | **ORDER GRANTING TRUSTEE'S MOTION TO DISMISS AND DENYING APPELLANT'S MOTION TO DETERMINE VALIDITY OF ELECTION**<br><br>[ECF Nos. 2, 11] |

Pending before the Court are: (1) a motion filed by appellee Christopher R. Barclay, the Chapter 7 Trustee, to dismiss the appeal, ECF No. 11, and (2) a motion by appellant Nassim Rajaee "to determine invalidity of ineffectiveness of appellees' decision to proceeding in district court," ECF No. 2. As set forth below, the Court grants the Trustee's motion to dismiss and denies Appellant's motion.

//

//

# I. BACKGROUND

## A. This Appeal

On May 6, 2026, appellant Nassim Rajaee, through her attorney Daryoush Shahrouzi, filed this bankruptcy appeal. ECF No. 1. She appeals from an April 22, 2026 order of the U.S. Bankruptcy Court for the Southern District of California (the "Bankruptcy Court") denying a motion by her co-debtor spouse Ashkan Rajaee seeking an evidentiary hearing, and seeking to cross-examine the Trustee, certain creditors, and their attorneys, in connection with three motions that were pending before the Bankruptcy Court. *Id.* Ashkan Rajaee has also filed an appeal from the same order. *See* Case No. 26-cv-3061. The underlying case is *In re Ashkan Rajaee & Nassim Rajaee*, No. 3:24-bk-00617-CL7 (S.D. Cal. Bankr.) (the "Bankruptcy Case"); *see also* Bankruptcy Case, Dkt. No. 921 (Apr. 22, 2026 Order on Debtor Ashkan Rajaee's Omnibus Motion Requesting an Evidentiary Hearing and an Opportunity to Cross-Examine Declarants.

On May 27, 2026, Appellant filed her motion "to determine invalidity of ineffectiveness of appellees' decision to proceeding in district court." ECF No. 2. That motion has been fully briefed. *See* ECF Nos. 5, 8, 9.

On June 6, 2026, Christopher R. Barclay, the Chapter 7 Trustee, filed his motion to dismiss the appeal. ECF No. 11.[1]

On August 18, 2026, this Court granted the application of Attorney Shahrouzi to be relieved as Appellant's counsel based on Appellant's failure to communicate with him. *See* ECF Nos. 12 at 5 (motion to withdraw), 13 (order granting motion to withdraw). Appellant is, at this time, unrepresented for purposes of this appeal.

//

//

---

[1] Appellant's response was due on August 17, 2026, two weeks prior to the August 31, 2026 hearing date contained on the Trustee's notice of motion, ECF No. 11. *See* CivLR 7.1(e)(2) (opposition due 14 days before noticed hearing date).

**B. Other Appeals Filed from the Bankruptcy Case**

This is one of over twenty bankruptcy appeals that Mr. or Ms. Rajaee have taken from the same Bankruptcy Case, including:

(1) No. 25-cv-667-RSH-KSC (notice of appeal filed on Mar. 20, 2025; affirmed on Oct. 31, 2025)

(2) No. 25-cv-777-BJC-JLB (notice of appeal filed on Mar. 28, 2025; appeal withdrawn on Apr. 16, 2025)

(3) No. 25-cv-778-BEN-DEB (notice of appeal filed on Mar. 28, 2025; appeal withdrawn on Apr. 4, 2025)

(4) No. 25-cv-2850-RSH-JLB (notice of appeal filed on Sept. 24, 2025; affirmed on Apr. 23, 2026)

(5) No. 25-cv-3480-RSH-GC (notice of appeal filed on Oct. 30, 2025; dismissed on May 21, 2026)

(6) No. 25-cv-3260-RSH-GC (notice of appeal filed on Nov. 13, 2025; dismissed on Apr. 23, 2026)

(7) No. 25-cv-3506-RSH-GC (notice of appeal filed Nov. 21, 2025; dismissed on Apr. 23, 2026)

(8) No. 25-cv-3530-RSH-GC (notice of appeal filed Nov. 26, 2025; dismissed on Apr. 23, 2026)

(9) No. 26-cv-76-RSH-GC (notice of appeal filed Dec. 23, 2025; dismissed on Apr. 23, 2026)

(10) No. 26-cv-937-RSH-GC (notice of appeal filed Feb. 3, 2026; affirmed on July 17, 2026)

(11) No. 26-cv-2968-RSH-GC (notice of appeal filed Apr. 13, 2026; dismissed on August 20, 2026)

(12) No. 26-cv-2969-RSH-JLB (notice of appeal filed Apr. 13, 2026; dismissed on August 20, 2026)

(13) No. 26-cv-3058-RSH-GC (notice of appeal filed May 6, 2026; pending)

(14) No. 26-cv-3060-RSH-GC (notice of appeal filed May 6, 2026; pending)

(15) No. 26-cv-3061-RSH-BJW (notice of appeal filed on May 6, 2026; pending)

(16) No. 26-cv-3065-RSH-GC (notice of appeal filed May 6, 2026; pending)

(17) No. 26-cv-3162-RSH-AHG (notice of appeal filed May 6, 2026; dismissed on August 26, 2026)

(18) No. 26-cv-3165-RSH-AHG (notice of appeal filed May 6, 2026; pending)

(19) No. 26-cv-3166-RSH-GC (notice of appeal filed May 6, 2026; pending)

(20) No. 26-cv-3170-RSH-DDL (notice of appeal filed May 6, 2026; pending)

(21) No. 26-cv-3809-RSH-GC (notice of appeal filed May 13, 2026; dismissed on August 18, 2026)

To date, none of these appeals has been successful.

This appeal is one of eight notices of appeal filed on the same day—four filed by Ashkan Rajaee proceeding pro se, and four filed by Appellant's attorney—taking appeals from four Bankruptcy Court orders. In addition to the Bankruptcy Court's order denying an evidentiary hearing, Mr. and Ms. Rajaee each appeal from three other Bankruptcy Court orders addressing: (1) reconsideration of an order approving abandonment of property, (2) reconsideration for the second time of an order denying a motion to disqualify opposing counsel, and (3) sanctions against the Trustee and the Trustee's attorneys. *See* Dkt. Nos. 858, 861, 864, 866.

On May 20, 2026, Appellant filed in the Bankruptcy Court, pursuant to Fed. R. Bankr. P. 8009(a)(1), a statement of issues for each of her four appeals. Although the four orders being appealed cover a range of different topics, Appellant's statement of issues for each of the four appeals identically lists the following four issues:

> 1. Judicial Estoppel – putative Chapter 7 trustee Christopher Barclay – Did the bankruptcy court abuse its discretion by failing to apply judicial estoppel to the Chapter 7 arguments?
>
> 2. Fraud in the Procurement of the San Diego Judgment – Conversion Order – Did the bankruptcy court abuse its discretion by failing to adjudicate the merits of the fraud on the court in the procurement of the

> San Diego judgment being enforced in bankruptcy proceedings as a proof of claim?
>
> 3. Fraud on the Court – Conversion Order – Did the bankruptcy court abuse its discretion by failing to determine on the merits whether the Conversion Order was procured through fraud on the court, where officers of the court allegedly omitted material jurisdictional, service, standing, and authority facts necessary to give operative effect to the San Diego confirmation judgment?
>
> 4. Fraud on the Court – Chapter 7 Order on Appeal – Did the bankruptcy court abuse its discretion by entering the Chapter 7 Order on appeal without determining the fraud-on-the-court challenges that officers of the court procured the order through materially misleading half-truths and omissions concerning jurisdiction, standing, service, Tyler Davis's authority, TopDevz, LLC's representation, and the putative Chapter 7 trustee Christopher Barclay's authority?

*See* Bankruptcy Case, Dkt. Nos. 1001, 1002, 1003, 1004. In each of the four cases, Appellant's statement of issues fails to mention the order that is actually being appealed.

## II. MOTION TO DISMISS

"Under th[e] prudential standing doctrine, only a 'person aggrieved,' that is, someone who is 'directly and adversely affected pecuniarily' by a bankruptcy court's order, has standing to appeal that order." *In re Point Ctr. Fin., Inc.*, 890 F.3d 1188, 1191 (9th Cir. 2018) (quoting *Fondiller v. Robertson (In re Fondiller)*, 707 F.2d 441, 443 (9th Cir. 1983)). "An order that diminishes one's property, increases one's burdens, or detrimentally affects one's rights has a direct and adverse pecuniary effect for bankruptcy standing purposes." *Id.* The party invoking appellate jurisdiction bears the burden of demonstrating prudential standing. *In re Benham*, 220 F. Supp. 3d 1033, 1039 (C.D. Cal. 2016); *accord In re Hope 7 Monroe St. Ltd. P'ship*, 743 F.3d 867, 872 (D.C. Cir. 2014) ("As in other jurisdictional contexts, the party invoking appellate jurisdiction to review a bankruptcy court order has the burden of demonstrating prudential standing.") (citing *Spenlinhauer v. O'Donnell*, 261 F.3d 113, 118 (1st Cir. 2001)).

The Trustee argues that Appellant lacks prudential standing because she has not shown that she was "directly and adversely affected pecuniarily" by the order she appeals, namely, the order denying her husband's motion for an evidentiary hearing. ECF No. 11-1 at 5. The Court agrees that Appellant has failed to establish prudential standing. Her statement of issues on this appeal fail to even mention the order that she is appealing. Instead of being directed to any pecuniary harm that Appellant suffered as a result of that order, this appeal appears to be part of a coordinated effort to file multiplicitous appeals seeking relitigate the Bankruptcy Court's order converting this case to Chapter 7—an order that neither debtor timely appealed—or seeking to review the merits of a business dispute that Ashkan Rajaee lost in San Diego Superior Court prior to the debtors' filing for bankruptcy. *See* Case No. 26-cv-3162, Dkt. No. 14 at 9–10, 12–15 (Aug. 26, 2026 order dismissing appeal and imposing sanctions on Appellant's counsel). This appeal is therefore subject to dismissal.

## III. MOTION TO DETERMINE INVALIDITY OF APPELLEES' ELECTION

Appellant's motion seeks an order determining that the Chapter 7 Trustee's election to proceed with this appeal in district court is invalid, and transferring this appeal to the U.S. Bankruptcy Appellate Panel ("BAP") for the Ninth Circuit. ECF No. 2 at 17–18.

This motion is meritless. There is no dispute that a party to a bankruptcy appeal may timely elect to have an appeal heard by the district court rather than a BAP. *See* Fed. R. Bankr. P. 8005(a). Appellant does not contest that appellees Tyler Davis and TopDevz, LLC, who are clearly parties to this appeal, timely made such an election. *See* ECF No. 1-3 (statement of election to proceed in district court). Although difficult to follow, Appellant's argument appears to be that such an election is somehow ineffective because Appellant challenges the authority of attorney D. Edward Hays to file that document on behalf of his clients Davis and TopDevz. *See* ECF No. 2 at 11 ("The election is invalid or ineffective because Hays uses disputed authority to select the forum for review of a fraud-evidentiary order."). Appellant explains that the reason she disputes that attorney's authority to act for his clients reverts back to Mr. Rajaee's claims of error in a pre-petition

judgment entered against him in San Diego Superior Court. *See id.* ("Davis's authority to act for TopDevz, and Hays's authority to file papers for TopDevz all depend on the same San Diego judgment chain procured through fraud and then used to obtain conversion."). All this is a non sequitur. The dispute that Appellant's husband had with his former business partner Mr. Davis, which resulted in an arbitration ruling affirmed by the state court, does not bear on the validity of an election by that former business partner to proceed with this appeal in district court.

This Court has denied similar nonsensical motions filed by Appellant in other bankruptcy appeals, and does so again now. *See, e.g.*, Case No. 26-cv-3162, ECF No. 13 (Aug. 18, 2026 order denying Nassim Rajaee's motion to determine invalidity of Trustee's election and directing her counsel to show cause why sanctions should not be imposed); Case No. 26-cv-3166, ECF No. 13 (same).

## IV. MOTION TO DETERMINE INVALIDITY OF APPELLEES' ELECTION

For the foregoing reasons:

1. The Trustee's motion to dismiss [ECF No. 11] is **GRANTED**. The appeal is DISMISSED.

2. Appellant's motion to determine validity of election [ECF No. 2] is **DENIED**.

The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: August 26, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge